# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| VICTOR B. PERKINS,<br><br>Plaintiff,<br><br>v.<br><br>DR. JACK DANIELS and DR. DIONNE HART,<br><br>Defendants. | Case No. 19-cv-2663 (SRN/ECW)<br><br>**ORDER AND<br>REPORT AND RECOMMENDATION** |

This action comes before the Court on Plaintiff Victor B. Perkins' (1) Amended Complaint (Dkt. 7); (2) Application to Proceed Without Prepayment of Fees (Dkt. 2 ("IFP Application")); (3) Motion for Summary Judgment Due to the Lack of Material Facts in Defense of Complaint and Motion Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (Dkt. 3 ("First Summary Judgment Motion")); (4) Motion for Summary Judgment Due to the Neglect and/or Failure to Respond to Motion Pursuant to Rules 55(b)(2) and 12(a)(4)(A) of the Federal Rules of Civil Procedure (Dkt. 4 ("Second Summary Judgment Motion")); (5) Motion for Summary Judgment as a Matter of Default to Respond to Civil Action Litigation Pursuant to Rules 12(a)(1) and 55(b)(2) of the FRCivP (Dkt. 5 ("Third Summary Judgment Motion")); (6) Motion for Summary Judgment Due to the Neglect and Failure to Respond to Amended Complaint Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (Dkt. 11 ("Fourth Summary

Judgment Motion")); and (7) Motion for an Immediate Adjudication Due to the Fact that Movant's Life is Being Threatened and Is in Danger (Dkt. 14 ("Immediate Adjudication Motion")).

For the following reasons, the Court grants the IFP Application and orders Perkins to provide service-related information for the defendants. The Court also recommends that the Amended Complaint be dismissed in part and that Perkins's remaining motions be denied.

## I. BACKGROUND

### A. Amended Complaint

Perkins is a federal civil detainee presently held at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). (*See* Dkt. 7 at 2; Dkt. 7-1 at 1; *see also Perkins v. Stanton*, No. 18-CV-2465 (PAM/TNL), 2019 WL 5149982, at *1 (D. Minn. June 27, 2019), *R.&R. adopted*, 2019 WL 3545890 (D. Minn. Aug. 5, 2019).) He filed the Amended Complaint on March 2, 2020. (*See* Dkt. 7 at 1.)[1] He names two

---

[1] Perkins filed this action's initial complaint in October 2019. (*See* Dkt. 1 at 1.) After reviewing that pleading, this Court ordered Perkins to file an amended complaint. (*See* Dkt. 6 at 4.) When Perkins did so, it made his earlier summary judgment motions (i.e., the First, Second, and Third Summary Judgment Motions) moot. *See Gay-Lesbian-Bisexual-Trangender Pride/Twin Cities v. Minneapolis Park & Recreation Bd.*, No. 10-CV-2579 (JRT/JJG), 2011 WL 1300381, at *2 (D. Minn. Apr. 4, 2011) (finding that amended complaint makes moot summary judgment motion aimed at original complaint (citing *Turner v. Kight*, 192 F. Supp. 2d 391, 397 (D. Md. 2002)); *see also In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect."). The Court thus recommends denying all three of those motions.

defendants: Jack Daniels, FMC-Rochester's "chief psychiatrist," and Dionne Hart, a "staff psychiatrist." (Dkt. 7 at 1 (capitalization amended).)

Perkins alleges that since 2010, Defendants have wrongfully forced him to take prolixin, a psychotropic drug. (*See id.* at 1-2.) He claims that the drug causes him high blood pressure, body shaking, "constant" drooling, nosebleeds, and depression. (*Id.* at 1, 4.) He contends that Defendants are forcing him to take prolixin without a court order, thus violating his constitutional rights. (*See, e.g.*, *id.* at 1-2.) He alleges that Dr. Hart ordered FMC-Rochester staff to give him (Perkins) prolixin, and that Dr. Daniels supported these orders. (*Id.* at 2.)

Perkins suggests that he has claims under the Due Process Clauses of the Fifth and Fourteenth Amendments. (*See id.* at 5.) As relief, he seeks no injunctive relief, but requests $10 million in damages.[2] (*See id.*)

After reviewing the Amended Complaint, this Court asked Perkins to clarify the capacity in which he brought his constitutional claims against Defendants. (*See* Dkt. 10 at 4.) The Court indicated that if Perkins did not clarify his position, the Court would assume that he meant to sue Defendants in their official capacities and their individual capacities. (*See id.*) Perkins never responded to this request, so the Court construes the Amended Complaint as suing Defendants in their official capacities as well as their individual capacities.

---

[2] In later filings, this figure grows to $1 billion. (*See, e.g.*, Dkt. 11 at 1; Dkt. 14 at 2.)

The Court notes one other point of construction. The Amended Complaint refers to "due process," but does not distinguish between procedural due process and substantive due process. Assuming for now the truth of Perkins's allegations, and construing his pro se filing liberally, *see* Section II.A.1 *infra* (citing cases), the Court treats the Amended Complaint as raising both sorts of due-process claims.

This discussion's end result is that the Court views the Amended Complaint as raising eight claims: Fifth Amendment procedural-due-process claims against Defendants in their individual and official capacities, Fifth Amendment substantive-due-process claims against Defendants in their individual and official capacities, Fourteenth Amendment procedural-due-process claims against Defendants in their individual and official capacities, and Fourteenth Amendment substantive-due-process claims against Defendants in their official capacities.

B.   **Other Motions**

Perkins filed the IFP Application alongside his original complaint. After filing the Amended Complaint—and after the Court asked for a capacity clarification—Perkins filed two additional motions. First, he filed the Fourth Summary Judgment Motion. This motion argues that the Court should award Perkins summary judgment because Defendants have failed to respond to the Amended Complaint. (*See* Dkt. 11 at 1.)

Second, Perkins filed the Immediate Adjudication Motion. Citing Federal Rule of Civil Procedure 56, this requests an "immediate adjudication" of this action, with monetary compensation to be provided to Perkins. (Dkt. 14 at 1, 2.) Because this motion refers to Rule 56 (which concerns summary judgment) and asks this Court to impose

4

damages relief immediately, the Court construes the Immediate Adjudication Motion as another summary judgment request.

## II.     ANALYSIS

### A.     Amended Complaint

#### 1.     Screening Standards and IFP Application

Perkins did not pay this action's filing fee; instead, he filed the IFP Application. (*See generally* Dkt. 2.)  After reviewing the IFP Application, the Court concludes that Perkins qualifies for in forma pauperis ("IFP") status.  The Court therefore grants the IFP Application.

Under 28 U.S.C. § 1915(e)(2)(ii), where a plaintiff proceeds IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."  And under 28 U.S.C. § 1915(e)(2)(iii), in an IFP action "the court shall dismiss the case at any time if the court determines that . . . the action . . . seeks monetary relief against a defendant who is immune from such relief." Section 1915(e)(2) refers to dismissing "the case," but this District's courts routinely use § 1915(e)(2) to dismiss portions of actions as well.  *See, e.g.*, *Bonczek v. Bd. of Trustees Nat'l Roofing Indus. Pension Plan*, No. 14-CV-3768 (JRT/LIB), 2015 WL 1897837, at *4 (D. Minn. Apr. 23, 2015); *Abduljabbar v. Minn. Dep't of Transp.*, No. 14-CV-3583 (ADM/JSM), 2014 WL 7476513, at *4 (D. Minn. Nov. 5, 2014), *report and recommendation adopted*, 2015 WL 75255 (D. Minn. Jan. 6, 2015).

When reviewing whether a complaint states a claim for which this Court can grant relief, this Court accepts the complaint's factual allegations as true and draws all

reasonable inferences in the plaintiff's favor. *See Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). The complaint's factual allegations need not be detailed, but must be enough to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. Pro se complaints are to be construed liberally, but must still allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

Putting aside § 1915(e)(2), Federal Rule of Civil Procedure 12(h)(3) also dictates that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rule 12(h)(3) speaks of dismissing "the action," but again, courts routinely use the rule to dismiss portions of actions where jurisdiction is lacking. *See, e.g.*, *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998); *In re Polaris Mktg., Sales Practices, and Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019).

    2.  Official-Capacity Claims

Under this Court's construal of the Amended Complaint, Perkins raises four official-capacity claims against Defendants (i.e., procedural- and substantive-due-process claims under both the Fifth and Fourteenth Amendments). When a plaintiff brings official-capacity claims against federal officials, these are in effect claims against the United States. *See, e.g.*, *Buford v. Runyon*, 160 F.3d 1199, 1201 (8th Cir. 1998) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *Manos v. Fed. Bureau of Prisons*, No. 18-CV-0427 (PJS/HB), 2020 WL 589441, at *3 (D. Minn. Jan. 14, 2020) (citing *Buford*),

*R.&R. adopted*, 2020 WL 586769 (D. Minn. Feb. 6, 2020).  This raises the question of whether this Court has jurisdiction over Perkins's official-capacity claims.

"The United States is immune from suit unless it unequivocally consents."  *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020) (citing *United States v. Navajo Nation*, 556 U.S. 287, 289 (2009)); *see also Kerber v. Carver Cty. Farm Serv. Agency*, 2018 WL 6529494, at *2 (D. Minn. Dec. 12, 2018) (making similar point (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)).  The point is jurisdictional— without the relevant consent, a federal district court lacks jurisdiction to consider the relevant claims.  *See, e.g.*, *Meyer*, 510 U.S. at 475; *Manos*, 2020 WL 589441, at *3 (quoting *Meyer*).  Nothing in the Amended Complaint suggests that the United States has waived its sovereign immunity to permit damages claims based on alleged constitutional violations, and the Court is unaware of any such waiver.  *Cf. Buford*, 160 F.3d at 1203 (citing *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982)); *Wattleton v. Doe*, No. 19-CV-1558 (SRN/LIB), 2020 WL 1486059, at *2 (D. Minn. Mar. 27, 2020).  The Court therefore recommends that Perkins's official-capacity claims be dismissed without prejudice for lack of jurisdiction.

### 3. Fourteenth Amendment Claims

Of the remaining claims, two sound in the Fourteenth Amendment (i.e., Perkins's procedural- and substantive-due-process claims against Defendants in their individual capacities under the Fourteenth Amendment).  But Perkins is suing the Defendants as federal officials, and the Fourteenth Amendment's Due Process Clause does not apply to federal actions taken by federal officials.  *See, e.g.*, *CFMOTO Powersports, Inc. v.*

*United States*, 780 F. Supp. 2d 869, 874 n.5 (D. Minn. 2011); *Mickelson v. Holinka*, No. 06-CV-0995 (JNE/SRN), 2007 WL 551520, at *5 (D. Minn. Feb. 20, 2007) (citing cases). The Court thus recommends dismissing Perkins's Fourteenth Amendment claims.

Furthermore, this problem is not one that Perkins can fix by tweaking the Amended Complaint. At root, because his claims concern federal officers, Perkins cannot plausibly amend his pleading to state a Fourteenth Amendment claim. The Court thus recommends dismissing the Fourteenth Amendment claims with prejudice.

        4.      Remaining Claims

Two claims remain: a Fifth Amendment procedural-due-process claim against Defendants in their individual capacities and a Fifth Amendment substantive-due-process claim against Defendants in their individual capacities. Because this action will proceed with these claims, the Court orders Perkins to provide service information for Defendants. The Court's recommendations in this Order and Report and Recommendation are without prejudice to Defendants, once served, filing any response contemplated by the Federal Rules of Civil Procedure—including a Rule 12 motion if Defendants believe that one is appropriate.

    **B.**    **Fourth Summary Judgment Motion and Immediate Adjudication Motion**

Because part of this case shall proceed, the Court must address the Fourth Summary Judgment Motion and the Immediate Adjudication. As discussed above, the Court construes both as summary judgment motions.

The U.S. Court of Appeals for the Eighth Circuit has observed that "'summary judgment is proper only after the nonmovant has had adequate time for discovery.'" *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litig.,* 113 F.3d 1484, 1490 (8th Cir. 1997)).  In this case, the nonmovants (i.e., Defendants) have had *no* time for discovery, much less "adequate" time.  Indeed, at this stage in the proceeding, Defendants have not even been served with the Amended Complaint.  The Court has little difficulty concluding that it should recommend denying the Fourth Summary Judgment Motion and Immediate Adjudication Motion.  To the extent the First, Second, and Third Summary Judgment Motions, which were filed based on the original Complaint, would also relate to the Amended Complaint, the Court recommends their denial on the same grounds.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff Victor Perkins's Application to Proceed Without Prepayment of Fees (Dkt. 2) is **GRANTED**.

2. Perkins must submit a properly completed Marshal Service Form (Form USM-285) for each defendant.  If Perkins does not complete and return the Marshal Service Forms within 30 days of this Order's date, the Court will recommend dismissing this action for failure to prosecute.  Marshal Service Forms will be provided to Perkins by the Court.

3. After the return of the completed Marshal Service Forms, the Clerk of Court is directed to seek waiver of service from Dr. Jack Daniels

and Dr. Dionne Hart (in their individual capacities), consistent with Rule 4(d) of the Federal Rules of Civil Procedure.

4. If a defendant sued in his or her individual capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

5. The U.S. Marshal Service is directed to effect service of process on the United States consistent with Rule 4(i)(1) of the Federal Rules of Civil Procedure. Pursuant to General Order No. 17 of Chief Judge John R. Tunheim (dated June 26, 2020), the service requirement imposed here is suspended until such time that service of process may be safely effected.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1. The Amended Complaint's official-capacity claims be **DISMISSED** without prejudice for lack of jurisdiction.

2. The Amended Complaint's Fourteenth Amendment claims be **DISMISSED** with prejudice.

3. Perkins's Motion for Summary Judgment Due to the Lack of Materials Facts in Defense of Complaint and Motion Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure (Dkt. 3); Motion for Summary Judgment Due to the Neglect and/or Failure to Respond to Motion Pursuant to Rules 55(b)(2) and 12(a)(4)(A) of the Federal Rules of Civil Procedure (Dkt. 4); Motion for Summary Judgment as a Matter of Default to Respond to Civil Action Litigation Pursuant to Rules 12(a)(1) and 55(b)(2) of the FRCivP (Dkt. 5); Motion for Summary Judgment Due to the Neglect and Failure to Respond to Amended Complaint Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure (Dkt. 11); Motion

for an Immediate Adjudication Due to the Fact that Movant's Life is Being Threatened and Is in Danger (Dkt. 14) be **DENIED**.


Dated: July 13, 2020                    *s/Elizabeth Cowan Wright*
                                        ELIZABETH COWAN WRIGHT
                                        United States Magistrate Judge


## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).