## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor B. Perkins,<br><br>                   Plaintiff,<br><br>v.<br><br>Dr. Jack Daniels and Dr. Dionne Hart,<br><br>                   Defendants. | Case No. 19-cv-2663-SRN-ECW<br><br><br>**ORDER ADOPTING ORDER AND REPORT AND RECOMMENDATION** |

Victor B. Perkins, Reg. No. 08783-039, FMC-Rochester, P.O. Box 4000, Rochester, MN 55903-4000, Pro Se.

Ana H. Voss, United States Attorney's Office, 300 S. 4th St., Ste. 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Victor B. Perkins' Objections [Doc. No. 21] and Amended Objections [Doc. No. 22] to the Order and Report and Recommendation ("Order and R&R") of Magistrate Judge Elizabeth Cowan Wright, dated July 13, 2020 [Doc. No. 17]. In the Order and R&R, Magistrate Judge Wright recommended that Plaintiff's official capacity claims be dismissed without prejudice for lack of jurisdiction, that his Fourth Amendment claims be dismissed with prejudice, and that several motions be denied.[1]  (Order & R&R at 10–11.)

---

[1]     Magistrate Judge Wright recommended that the following motions be denied: Perkins' Motion for Summary Judgment Due to the Lack of Material Facts in Defense of Complaint and Motion Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure [Doc. No. 3]; Motion for Summary Judgment Due to the Neglect and/or Failure to Respond to

For the reasons set forth below, the Court affirms and adopts the Order and R&R, overrules Jackson's Objections and Amended Objections, and denies his motions.

## I.    BACKGROUND

Plaintiff is a civil detainee at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester"). In October 2019, he filed this civil rights action pursuant to 42 U.S.C. § 1983 against Drs. Jack Daniels and Dionne Hart, psychiatrists at FMC-Rochester. (Compl. [Doc. No. 1].) Perkins alleges that the doctors are forcing him to take certain medication without a court order, in violation of his due process rights. (Am. Compl. [Doc. No. 7] at 1–2.) Along with the Complaint, Perkins filed a motion to proceed in forma pauperis ("IFP") [Doc. No. 2]. Shortly thereafter, he filed three summary judgment motions [Doc. Nos. 3, 4, 5]. In March 2020, Perkins filed the Amended Complaint.

### A.  Order and R&R

In the Order and R&R, Magistrate Judge Wright first observed that the filing of Perkins' Amended Complaint rendered his three then-pending motions for summary judgment [Doc. Nos. 3, 4, 5] moot, as they were based on the allegations in his original complaint. (Order & R&R at 2 n.1) (citing *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities v. Minneapolis Park & Recreation Bd.*, No. 10-cv-2579 (JRT/JJG), 2011 WL 1300381, at *2 (D. Minn. Apr. 4, 2011)) (finding that amended complaint makes moot

---

Motion Pursuant to Rules 55(b)(2) and 12(a)(4)(A) of the Federal Rules of Civil Procedure [Doc. No. 4]; Motion for Summary Judgment as a Matter of Default to Respond to Civil Action Litigation Pursuant to Rules 12(a)(1) and 55(b)(2) of the FRCivP [Doc. No. 5]; Motion for Summary Judgment Due to the Neglect and Failure to Respond to Amended Complaint Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure [Doc. No. 11]; and Motion for an Immediate Adjudication [Doc. No. 14].

summary judgment motion aimed at original complaint) (internal citations omitted). Accordingly, she recommended the denial of those motions.  (*Id.*)

After filing the Amended Complaint, Perkins filed two additional motions:  the Fourth Motion for Summary Judgment [Doc. No. 11], and the Immediate Adjudication Motion [Doc. No. 14].  Because the Immediate Adjudication Motion referred to Federal Rule of Civil Procedure 56 and requested the imposition of immediate damages, Magistrate Judge Wright construed it as another summary judgment motion.  (Order & R&R at 4–5.)

### 1.  IFP Application

In connection with Perkins' IFP application, Magistrate Judge Wright reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915 to determine if the pleading stated a claim on which relief may be granted.  (*Id.* at 5–6.)  In addition, she reviewed it pursuant to Federal Rule of Civil Procedure 12(h)(3) to determine whether the Court has subject matter jurisdiction.  (*Id.* at 6.)  If subject matter jurisdiction is lacking over portions of an action, Magistrate Judge Wright noted that courts routinely dismiss the affected claims. (*Id.*) (citing *Chernin v. United States*, 149 F.3d 805, 813–14 (8th Cir. 1998); *In re Polaris Mktg., Sales Practices, and Prod. Liab. Litig.*, 364 F. Supp. 3d 976, 982–84 (D. Minn. 2019)).

Reviewing Perkins' official-capacity claims against Defendants, Magistrate Judge Wright found that the Court lacks subject matter jurisdiction over these claims due to sovereign immunity.  (*Id.* at 7) (citations omitted).  Accordingly, she recommended that Plaintiff's official-capacity claims be dismissed without prejudice for lack of jurisdiction. (*Id.*)

In addition, because the Fourteenth Amendment's Due Process Clause is directed at state action, it does not apply to federal action taken by federal officials, (*id.* at 7–8) (citing *CFMOTO Powersports, Inc. v. United States*, 780 F. Supp. 2d 869, 874 n.5 (D. Minn. 2011); *Mickelson v. Holinka*, No. 06-cv-0995 (JNE/SRN), 2007 WL 551520, at *5 (D. Minn. Feb. 20, 2007)), Magistrate Judge Wright recommended that Plaintiff's Fourteenth Amendment due process claims be dismissed.  (*Id.* at 8.)  Moreover, because repleading could not overcome the viability of these claims, the magistrate judge recommended that the Fourteenth Amendment claims be dismissed with prejudice.  (*Id.*)

As to the viable claims—Fifth Amendment substantive and procedural due process claims against Defendants in their individual capacities—Magistrate Judge Wright found that Perkins was eligible for IFP status and ordered him to provide service information for Defendants.  (*Id.*)

### 2.  Summary Judgment Motions

As to Perkins' two most recent summary judgment motions, Magistrate Judge Wright noted that summary judgment is appropriate only after the nonmovant has had sufficient time to conduct discovery.  (*Id.* at 9) (citing *Ray v. Am. Airlines, Inc.*, 609 F.3d 917, 923 (8th Cir. 2010) (quoting *In re TMJ Litig.*, 113 F.3d 1484, 1490 (8th Cir. 1997)).  Moreover, she  noted, Defendants here have not even been served with the Amended Complaint.  (*Id.*)  Accordingly, the magistrate judge recommended that the summary judgment motions be denied.  (*Id.*) To the extent that Plaintiff's First, Second, and Third Summary Judgment Motions, which were based on the original Complaint, also relate to

the Amended Complaint, Magistrate Judge Wright likewise recommended their denial because of the lack of discovery and service of process at this time.  (*Id.*)

### B.  Objections

Perkins filed initial Objections to the Order and R&R [Doc. No. 21], followed by Amended Objections [Doc. No. 22].  The Court considers the arguments that he raises in both filings.

## II.   DISCUSSION

Perkins' Objections appear to address one of the non-dispositive rulings made in the "order" portion of the Order and R&R, as well as dispositive recommendations made in the "R&R" portion of the Order and R&R.  These rulings are subject to different standards of review, which the Court notes below.

### A.  Objections to Non-Dispositive Rulings

In reviewing an order from a magistrate judge on nondispositive matters, the standard of review "is extremely deferential."  *Magee v. Trs. of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013).   The Court must set aside portions of an order only if they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).

Perkins argues that he served his original Complaint and Amended Complaint on defense counsel by mail, citing 2 U.S.C. § 384(a)(3)(c).  (Objs. at 1–2.)  He therefore appears to take issue with the magistrate judge's order requiring him to properly effect service of the pleading by submitting a completed Marshal Service Form for each

defendant, or risk dismissal of this action for failure to prosecute.  (*See* Order and R&R at 9.)

The docket reflects that at the time of the July 13, 2020 Order and R&R, Perkins had not properly effected service of process of the Amended Complaint upon Defendants. In an April 6, 2020 Letter from Ms. Ana Voss, defense counsel, to Mr. Perkins, she acknowledged the receipt of his Amended Complaint, but noted that Perkins had not served either of the Defendants or the Attorney General in accordance with Federal Rule of Civil Procedure 4.  (Apr. 6, 2020 Letter [Doc. No. 9].)

As noted, Perkins cites 2 U.S.C. § 384(a)(3)(c) in support of his argument that he properly served his pleadings by mail.  (Objs. at 1–2.)  However, that statute is completely inapplicable to the requirements for service of process here, as it concerns Congress, and specifically, the procedures for contesting congressional elections.  2 U.S.C. § 384(a).  As Ms. Voss properly observed, Federal Rule of Civil Procedure 4 sets forth the procedures and requirements for service of process of a legal summons and complaint.  The magistrate judge did not err in requiring Perkins to follow the proper procedure for serving his pleadings.  Because it appears that that process is now underway, (*see* Doc. Nos. 19, 20, 23), the Court overrules this objection.

### B.  Objections to Recommendations on Dispositive Issues

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made.  Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b).

In his Objections, Perkins argues that the Court should grant his summary judgment motions and award him damages in the amount of $10,000,000 pursuant to the allegations in his Complaint and Amended Complaint. (Objs. at 2.) The Court overrules this generalized objection because Perkins fails to cite any legal support for his argument, it is not a specific objection to the Order and R&R, and because the Court agrees with the magistrate judge's findings and recommendations regarding Plaintiff's summary judgment motions.

In his Amended Objections, Perkins contends that the magistrate judge improperly denied his first three summary judgment motions that preceded the filing of the Amended Complaint. (Am. Objs. at 1–2.) He contends that the authority on which Magistrate Judge Wright relied, *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities*, 2011 WL 1300381, at *2, does not support her findings and recommendation in this regard. (*Id.* at 2.)

The Court disagrees. First, *Gay-Lesbian-Bisexual-Transgender Pride/Twin Cities*, 2011 WL 1300381, at *2, indeed states that "[i]t is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect," such that "[a] motion for summary judgment on the original complaint is moot as a matter of law." (citations omitted). Second, the magistrate judge also found that summary judgment motions at this time are premature because Defendants have not had an opportunity to conduct discovery. (Order and R&R at 9.) Thus, to the extent that Plaintiff's first three summary judgment motions related to the allegations in the Amended Complaint, Magistrate Judge Wright properly recommended that they also be denied because Defendants have not had the opportunity to conduct discovery. (*Id.*) The Court

agrees.  Plaintiff's first three summary judgment motions are therefore denied.  Certainly, if this case proceeds to the summary judgment stage, the parties will have an opportunity to move for summary judgment at that time.

In his Amended Objections, Perkins reiterates his generalized request that his motions be granted and that he be awarded $10,000,000.  (Am. Objs. at 2.)  Because he provides no specific basis on which to contest the magistrate judge's findings and recommendations in this regard, and because the Court agrees with the magistrate judge, this objection is overruled.

More specifically, Perkins also contests the magistrate judge's findings with respect to sovereign immunity and subject matter jurisdiction.  (*Id.* at 1.)   However, the only argument that he raises in support of his position is that Defendants knew they were violating his constitutional rights.[2]  (*Id.*)

As the magistrate judge correctly stated, absent the unequivocal consent of the United States, the United States and its agencies have sovereign immunity from suit. (Order and R&R at 7) (citing *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020); *Kerber v. Carver Cty. Farm Serv. Agency*, No. 18-907 (MJD/BRT), 2018 WL 6529494, at *2 (D. Minn. Dec. 12, 2018)).  "If sovereign immunity applies, the

---

[2]      The Court notes that Perkins also invokes the Eighth Amendment in his Amended Objections, stating, "defendants knew well of the Fifth and Eighth Amendment violations." (Am. Objs. at 1) (*see also id.* at 3) ("Perkins pray that his AMENDED OBJECTIONS and EXCEPTIONS do be GRANTED and ADOPTED as a matter of Civil and Constitutional amendment Rights in accordance to the DUE PROCESS of the Law Clauses of the FIFTH and EIGHTH Constitutional Amendments").   Neither the original Complaint nor the Amended Complaint assert an Eighth Amendment violation, however.

Court lacks subject matter jurisdiction, and the matter must be dismissed without prejudice." *Kerber*, 2018 WL 6529494, at \*2 (citing *Roth v. United States*, 476 F. App'x 95, 95 (8th Cir. 2012)). Defendants' "knowledge" of their alleged violations is not relevant to the question of whether this Court has subject matter jurisdiction over Plaintiff's official capacity claims. Absent a showing that the United States waived its sovereign immunity to permit damages based on alleged constitutional violations—and there is no plausible allegation of waiver in the Amended Complaint—the Court lacks subject matter jurisdiction over Perkins' official capacity claims for damages. *See, e.g., F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Manos v. Fed. BOP*, No. 18-cv-427, 2020 WL 589441, at \*3 (D. Minn. Jan. 14, 2020), *report and recommendation adopted*, 2020 WL 586769 (D. Minn. Feb. 6, 2020). Accordingly, Plaintiff's official-capacity claims are dismissed without prejudice for lack of subject matter jurisdiction.

Perkins does not appear to challenge the magistrate judge's recommendation that his Fourteenth Amendment claims be dismissed with prejudice. In any event, the Court agrees with Magistrate Judge Wright that the Fourteenth Amendment's Due Process Clause, which applies to the states, is inapplicable to Defendants, who are sued as federal officers. *See CFMOTO Powersports, Inc.*, 780 F. Supp. 2d at 874 n. 5; *Mickelson*, 2007 WL 551520, at \*5. The Court also agrees that because Perkins cannot plausibly amend his pleading to state a Fourteenth Amendment claim against these federal officers, these claims are dismissed with prejudice.

Accordingly, the Court affirms and adopts the Order and R&R, and overrules Plaintiff's objections.

9

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Order and Report & Recommendation dated July 13, 2020 [Doc. No. 17] is **AFFIRMED** and **ADOPTED**;

2. Plaintiff's Objections [Doc. No. 21] and Amended Objections [Doc. No. 22] are **OVERRULED**;

3. The Amended Complaint's official-capacity claims are **DISMISSED without prejudice** for lack of jurisdiction;

4. The Amended Complaint's Fourteenth Amendment claims are **DISMISSED with prejudice**;

5. Plaintiff's Motion for Summary Judgment Due to the Lack of Material Facts in Defense of Complaint and Motion Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure [Doc. No. 3] is **DENIED**;

6. Plaintiff's Motion for Summary Judgment Due to the Neglect and/or Failure to Respond to Motion Pursuant to Rules 55(b)(2) and 12(a)(4)(A) of the Federal Rules of Civil Procedure [Doc. No. 4] is **DENIED**;

7. Plaintiff's Motion for Summary Judgment as a Matter of Default to Respond to Civil Action Litigation Pursuant to Rules 12(a)(1) and 55(b)(2) of the FRCivP [Doc. No. 5] is **DENIED**;

8. Plaintiff's Motion for Summary Judgment Due to the Neglect and Failure to Respond to Amended Complaint Pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure [Doc. No. 11] is **DENIED**;

9. Plaintiff's Motion for an Immediate Adjudication [Doc. No. 14] is **DENIED**.


Dated:  September 11, 2020                    s/Susan Richard Nelson
                                             SUSAN RICHARD NELSON
                                             United States District Judge