# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

VICTOR B. PERKINS,                                    Case No. 19-cv-2663 (SRN/ECW)

               Plaintiff,

      v.                                              **ORDER AND**
                                                   **REPORT AND RECOMMENDATION**
DR. JACK DANIELS AND
DR. DIONNE HART,

             Defendants.

_____

This case is before the Court on (1) Plaintiff Victor B. Perkins' ("Plaintiff") Amended Complaint filed on March 2, 2020 (Dkt. 7); (2) Plaintiff's Motion for Appointment of Counsel (Dkt. 27); (3) Plaintiff's "Amended Complaint" filed on October 19, 2020 (Dkt. 28); (4) Plaintiff's "Motion to Issue Stay Order to Force Medicate Without a Court Order" ("Motion to Stay") (Dkt. 29); (5) Plaintiff's Motion to Remove Magistrate from Case Due to Neg[lig]ence, Prejudice and Biasness Concerning the Adjudication of Movant(s) Motion(s) for a Stay Order and Appointment of Counsel Pursuant to Title 28 USC 636 ("Motion to Remove Magistrate Judge") (Dkt. 33); (6) Defendants Dr. Jack Daniels and Dr. Dionne Hart's (collectively, "Defendants") Motion for Extension of Time to Answer Complaint (Dkt. 34); (7) Plaintiff's Motion to Deny Extension of Time to File Response Due to False Assertion (Dkt. 40); and (8) Plaintiff's Memorandum of Service (Dkt. 41).

## I.    BACKGROUND

Plaintiff, a civil detainee at the Federal Medical Center, Rochester ("FMC-Rochester"), filed this action on October 7, 2019 asserting that he was being forcibly medicated in violation of his civil and constitutional rights.  (Dkt. 1.)  He filed an Application to Proceed in District Court without Prepaying Fees or Costs ("IFP Application") on the same day.  (Dkt. 2.)  Shortly thereafter, Plaintiff filed three summary judgment motions.  (Dkts. 3, 4, 5.)  On February 20, 2020, the Court ordered Plaintiff to file an amended complaint that complied with basic pleading rules; described the specific factual and legal bases for his claims in a clear, complete, and well-organized fashion; clearly explained what, specifically, each Defendant actually did (or failed to do) that allegedly violated the law; and stated whether he was suing Defendants in their individual capacities, official capacities, or both.  (Dkt. 6 at 3.)

On March 2, 2020, Plaintiff filed an Amended Complaint.  (Dkt. 7.)  On July 13, 2020, the Court granted Plaintiff's IFP Application and issued a Report and Recommendation that recommended dismissal of certain claims and denial of the three summary judgment motions brought before Plaintiff filed the Amended Complaint as well as a fourth summary judgment motion (Dkt. 11) and a "Motion for an Immediate Adjudication Due to the Fact that Movant's Life is Being Threatened and Is in Danger" (Dkt. 14).  (Dkt. 17 at 10-11.)  Plaintiff objected to the Report and Recommendation (Dkts. 21, 22), and U.S. District Judge Susan Richard Nelson overruled the objections on September 11, 2020 (Dkt. 24).

On September 22, 2020, summonses were returned executed as to both Defendants.  (Dkt. 25.)  On October 6, 2020, the Court issued a scheduling order.  (Dkt. 26.)  On October 19, 2020, Plaintiff filed the Motion for Appointment of Counsel (Dkt. 27) and a second Amended Complaint (Dkt. 28).  On November 2, 2020, Plaintiff filed the Motion to Stay in which he seeks an order staying any forced medication until this case has concluded.  (Dkt. 29.)

On December 18, 2020, the Court issued an Order noting that summonses had been returned but no answer filed.  (Dkt. 30.)  The December 18 Order stated as follows:

> Plaintiff is directed to file a memorandum setting forth his position as to whether he has properly served Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, along with any supporting documents, on or before **January 15, 2021**.  If Plaintiff believes he has properly served Defendants, he must also notify counsel for Defendants on or before **December 31, 2020** that he believes they are required to answer or otherwise respond or move for an extension of time to do so.  Counsel for Defendants may file a response to Plaintiff's memorandum **within 7 days after Plaintiff's brief is docketed**.  The Court will defer ruling on the pending motions and propriety of the "Amended Complaint" until after briefing is complete.  If Plaintiff does not comply with this Oder, the Court may recommend dismissal for failure to prosecute.

(*Id.* at 3 (emphasis in original).)

On December 30, 2020, the Court was informed that its December 18 Order had not been sent to Plaintiff due to an error in the Clerk's Office and issued an Order stating:

> It has come to the Court's attention that due to an error in the Clerk's Office, the December 18, 2020 Order was not mailed to Plaintiff until December 30, 2020.  Accordingly, in the interests of justice and to give Plaintiff sufficient time to comply with the December 18 Order, the Court modifies the deadlines such that Plaintiff's memorandum setting forth his position as to whether he has properly served Defendants pursuant to Rule 4(i) of the Federal Rules of Civil Procedure, along with any supporting documents, is now due **January 27, 2021**.  If Plaintiff believes he has properly served

Defendants, he now has until **January 15, 2021** to notify counsel for Defendants that he believes they are required to answer or otherwise respond or move for an extension of time to do so. Counsel for Defendants may file a response to Plaintiff's memorandum **within 7 days after Plaintiff's brief is docketed.**

(Dkt. 31 at 3 (emphasis in original).)

On January 14, Plaintiff filed his "Motion to Remove Magistrate from Case Due to Neg[lig]ence, Prejudice and Biasness Concerning the Adjudication of Movant(s) Motion(s) for a Stay Order and Appointment of Counsel Pursuant to Title 28 USC 636." (Dkt. 33.) Specifically, Plaintiff seeks removal due to the delay in ruling on his Motion for Appointment of Counsel and Motion to Stay. (*Id.* at 2.)

On January 15, 2021, Defendants filed a Motion for Extension of Time to Answer Complaint. (Dkt. 34.) Defendants seek until February 15, 2021 to file their answer. (*Id.*) Defendants state that "it appears the Answer was due on or about October 6, 2020," but because "[t]he docket and respective dates associated with this case were not properly docketed and calendared," the case was confused with another case, "*Perkins v. Ring*, 20-cv-673, which was proceeding on a parallel track at the same time and was dismissed by the Court." (Dkt. 35 at 1.) Defendants assert that they would not have been able to answer earlier in any event because counsel did not receive authorization to represent Defendants from the Department of Justice until January 14, 2021. (*Id.* at 2.) Defendants represented that they do not intend to make any argument about service and are fully able to comply with the other deadlines in the court's scheduling order. (*Id.*)

On January 25, 2021, Plaintiff filed a Motion to Deny Extension of Time to File Response Due to False Assertion, which asks the Court to deny the extension requested

4

by Defendants.  (Dkt. 40.)  Plaintiff claims that counsel for Defendants falsely asserted that the Department of Justice did not authorize representation of Defendants until January 14, 2021, and that the falsity of this representation is proven by "appearance certificates" filed by counsel in 2019.  (*Id.* at 1-2.)  He also argues that granting the extension would undermine the purposes of the U.S. Constitution.  (*Id.* at 2-3.)  On the same day, Plaintiff filed a Memorandum of Service stating that he "initiate[d] service upon the defendants in their individual and official capacities at the addresses of [the] United States Attorney and the United States Attorney General on August 6, 2020 and August 13, 2020, as shown by the returned summonses filed on September 25, 2020. (Dkt. 41.)  Plaintiff contends that default judgment should be entered due to Defendants' failure to timely answer.  (*Id.*)

On February 1, 2021 the Court ordered Defendants to file a response to Plaintiff's Motion to Deny Extension of Time to File Response Due to False Assertion.  (Dkt. 42.) Defendants filed their response on February 3, 2021, in which they state that counsel for Defendants "did enter a special appearance in April, 2020 for the purpose of filing a letter on the docket indicating that service needed to be completed and explaining the rule under which that service must be accomplished," but that because Plaintiff had not yet effected service, the process for a federal agency employee to request representation by the Department of Justice had not yet been triggered.  (Dkt. 43 at 1-2.)  Defendants further explained that the April 2020 notice of appearance was for purposes of filing letters on the docket and that counsel was not authorized to represent Defendants as to the merits until authorization is received from the Department of Justice.  (*Id.* at 2.)  Counsel

stated that representation was requested once she realized the docketing error with respect

to this case, that representation was approved on January 14, 2021, and reiterated

Defendants' request for an additional thirty days to respond from that date.  (*Id.* at 2-3.)

## II.    DISCUSSION

### A.    Motion for Appointment of Counsel

The Court first considers the Motion for Appointment of Counsel.  Plaintiff seeks

appointment of counsel because "an appointed counsel will enhance this action to a level

that is respected and exceptionally appropriated for the interpretation of the jury."  (Dkt.

27.)

In civil proceedings, there is no constitutional nor statutory right to appointed

counsel.  *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  However, "[i]n civil

rights matters the court may, pursuant to 28 U.S.C. § 1915, 'request' an attorney to

represent a party if, within the court's discretion, the circumstances are such that would

properly justify such a request."  *Mosby v. Mabry*, 697 F.2d 213, 214 (8th Cir. 1982).

Relevant factors in determining whether appointment of counsel is appropriate are the

factual complexity of the case, the complexity of the legal arguments, the ability of the

litigant to present his claims, and whether both the parties and the Court would benefit

from the indigent being represented by counsel.  *See Phillips v. Jasper Cty. Jail*, 437 F.3d

791, 794 (8th Cir. 2006) (citing *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th

Cir. 1995), *abrogated on other grounds*, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir.

2005)); *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986) (quoting *Nelson v.*

*Redfield Lithograph Printing*, 728 F.2d 1003, 1005 (8th Cir. 1984)).

In this case, the Court finds that neither the facts nor legal issues are overly complex such that appointment of counsel would be warranted.  Plaintiff has demonstrated that he possesses the threshold ability to articulate claims and argue his position.  Plaintiff has filed several documents seeking relief on his behalf in this action and was able to comply with directives regarding filing an amended complaint and effectuating service on Defendants.  (*See, e.g.*, Dkts. 3, 4, 5, 6, 7, 11, 14, 19, 21, 22, 25, 26, 28, 29.)  Furthermore, the Court cannot conclude that appointment of counsel would substantially benefit both Plaintiff and the Court based on the issues raised in this case.  Accordingly, the Court determines that the interests of justice do not require that Plaintiff be appointed counsel.

**B.      Motion to Remove Magistrate from Case Due to Neg[lig]ence, Prejudice and Biasness Concerning the Adjudication of Movant(s) Motion(s) for a Stay Order and Appointment of Counsel Pursuant to Title 28 USC 636**

The Court turns to the January 13 Motion to Remove Magistrate Judge, which the Court construes a motion for recusal of the undersigned.  Plaintiff seeks removal because the Court had not yet ruled on his Motion for Appointment of Counsel and Motion to Stay.  (Dkt. 33 at 2.)  He suggests that this delay is the result of bias, negligence, and prejudice on the part of the undersigned.  (*Id.*)

Recusal of a judge is warranted if the judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Thus, recusal should be granted if it is shown that the court has a "personal bias or a prejudice arising from an extrajudicial source."  *Rossbach v. United States*, 878 F.2d 1088, 1089 (8th Cir.1989) (citation omitted).  "Decisions on

recusal or disqualification motions are committed to the district court's sound discretion." *Larson v. United States*, 835 F.2d 169, 172 (8th Cir. 1987) (citation omitted).

Here, Plaintiff has not identified any extrajudicial source of bias or prejudice. Further, the length of time the Court takes to rule on a motion is not a basis for recusal. *See United States v. Borrero*, No. CIV.NO.08-1160(JNE), 2009 WL 2005221, at *1 (D. Minn. July 8, 2009) (denying motion for recusal based on alleged delays in rulings); *see also Estate of Bishop v. Equinox Int'l Corp.*, 256 F.3d 1050, 1058 (10th Cir. 2001) (noting no authority for the proposition that the time and manner of a judge's ruling create a reasonable doubt about impartiality, absent other indicia of bias); *Loranger v. Stierheim*, 10 F.3d 776, 780–81 (11th Cir. 1994) (stating that district judge's delay did not require recusal); *Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993) ("Delays . . . by a judge . . . are not grounds for disqualification.").  Rather, "the Court notes that pro se pleadings often require more of the Court's time and attention to ensure that self-represented litigants' arguments are fully understood and addressed.  *United States v. Andrews*, 381 F. Supp. 3d 1044, 1059 (D. Minn. 2019), *motion to reopen granted*, No. 18-CR-149 (SRN/DTS), 2019 WL 2522230 (D. Minn. June 19, 2019), *reconsideration denied*, No. 18-CR-149 (SRN/DTS), 2019 WL 3317281 (D. Minn. July 24, 2019).  Consequently, the Motion to Remove Magistrate Judge is denied.

**C.    Motion for Extension of Time to Answer Complaint, Motion to Deny Extension of Time to File Response Due to False Assertion, and Memorandum of Service**

The Court turns to Defendants' Motion for Extension of Time to Answer Complaint.  Defendants seek until February 15, 2021 to file their answer.  (Dkt. 34.)

Defendants state that "it appears the Answer was due on or about October 6, 2020," but because "[t]he docket and respective dates associated with this case were not properly docketed and calendared," the case was confused with another case, "*Perkins v. Ring*, 20-cv-673, which was proceeding on a parallel track at the same time and was dismissed by the Court." (Dkt. 35 at 1.) Defendants assert that they would not have been able to answer earlier in any event because counsel did not receive authorization to represent Defendants from the Department of Justice until January 14, 2021. (*Id.* at 2.) Defendants represent that they do not intend to make any argument about service and are fully able to comply with the other deadlines in the court's scheduling order. (*Id.*)

On January 25, 2021, Plaintiff filed a Motion to Deny Extension of Time to File Response Due to False Assertion, which asks the Court to deny the extension requested by Defendants. (Dkt. 40.) Plaintiff claims that counsel for Defendants falsely asserted that the Department of Justice did not authorize representation of Defendants until January 14, 2021, and that the falsity of this representation is proven by "by the fact that the counsel submitted counsel appearance certificates in 2019, thereafter, the filing of civil action by the movant Perkins." (*Id.* at 2.) As directed by the Court, Defendants responded to this Motion and these arguments on February 3, 2021. (*See* Dkts. 42, 43.)

The Court first considers Plaintiff's argument that Defendants' counsel made false representations. Plaintiff's argument is somewhat in error, as counsel for Defendants did not notice any appearance until April 3, 2020 (Dkt. 8), in connection with Defendants' explanation that Plaintiff had not served the individual defendants or the Attorney General as required by Rule 4 and that the case could not proceed until service was

9

properly accomplished (Dkt. 9). However, given the tortured procedural history of this case, the Court construes Plaintiff's argument as asserting that Defendants' claim that they did not receive authorization from the Department of Justice until January 14, 2021 was false because counsel had actually entered an appearance in April 2020. Nevertheless, as Defendants explained in their February 3, 2021 response, the April 2020 notice of appearance was made before any request for Department of Justice representation and only for purposes of filing letters on the docket. (Dkt. 42 at 1-2.) Defendants further explained that counsel could not seek authorization to represent Defendants as to the merits until Defendants were properly served and that the subsequent delay in seeking authorization was due to the docketing error. (*Id.* at 2-3.) In view of Defendants' explanation, which is consistent with the referenced Department of Justice regulations and policies, *see* 28 C.F.R. § 50.15; Justice Manual, § 4-5.410 (May 2018), https://www.justice.gov/jm/jm-4-5000-tort-litigation#4-5.410, the Court will not deny Defendants' request for an extension of time to answer because of excusable neglect. *See Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 856 (8th Cir. 2010) ("[W]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.") (quoting Fed. R. Civ. P. 6(b)(1)) (ellipses in original); *Chorosevic v. MetLife Choices*, 600 F.3d 934, 946 (8th Cir. 2010) (dealing with an extension to filing an answer under Rule 6 and finding that "[e]xcusable neglect is an 'elastic concept' that empowers courts to accept, 'where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances

beyond the party's control'") (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993)).

In the Memorandum of Service filed the same day, Plaintiff states that he "initiate[d] service upon the defendants in their individual and official capacities at the addresses of [the] United States Attorney and the United States Attorney General on August 6, 2020 and August 13, 2020, as shown by the returned summonses filed on September 25, 2020. (Dkt. 41.) Plaintiff contends that default judgment should be entered due to Defendants' failure to timely answer. (*Id.*) This request for default judgment, which the Court construes as a motion for default judgment under Federal Rule of Civil Procedure 55, should be denied as procedurally improper. Rule 55 requires a party to first seek entry of default by the Clerk of Court before seeking default judgment. *See* Fed. R. Civ. P. 55(a); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b)."). Plaintiff did not seek entry of default; consequently, his request for default judgment is procedurally improper. *See Gold'n Plump Farms Ltd. P'ship, LLP v. Midwest Warehouse & Distrib. Sys.*, Inc., No. CIV. 12-3198 JRT/LIB, 2014 WL 107777, at *4 (D. Minn. Jan. 10, 2014) ("Because GNP Farms did not first seek the entry of default, its motion for default judgment is procedurally improper."). The Court therefore recommends denial of Plaintiff's request for default judgment.

Finally, the Court turns to Plaintiff's argument the extension should be denied because granting it would undermine the purposes of the U.S. Constitution. (Dkt. 40 at 2-3.) The Court recognizes Plaintiff's frustration with the pace of this case; however, that

delay is not a basis for failing to adjudicate this case on the merits. Defendants seek an extension of time until February 15, 2021 to file their answer, which is only nine days from the date of this Order and Report and Recommendation. In the interests of deciding this case on the merits, the Court therefore grants Defendants' request for an extension of time until February 15, 2021 to answer the Amended Complaint. Defendants should also file their response to Plaintiff's Motion to Stay (Dkt. 29), in which he seeks an order staying any forced medication until this case has concluded, and a response to Plaintiff's "Second Amended Complaint" filed on October 20, 2020 (Dkt. 28) on the same day. Plaintiff may file a reply in support of his Motion to Stay and a response to Defendants' arguments regarding his "Second Amended Complaint" within fourteen (14) days after Defendants file that response.

Finally, the Court turns to the Scheduling Order entered on October 6, 2020 (Dkt. 26). Given the procedural posture of this case, the Court will vacate that Scheduling Order and will set a new schedule, as appropriate, after the filings required in this Order are complete.

### III.    RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS RECOMMENDED THAT**:

1.    Plaintiff Victor B. Perkins' request for default judgment (Dkt. 41) be **DENIED**.

## IV.    ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS**

**ORDERED THAT**:

1.    Defendants Dr. Jack Daniels and Dr. Dionne Hart's Motion for Extension

of Time to Answer Complaint (Dkt. 34) is **GRANTED**.

2.    Defendants Dr. Jack Daniels and Dr. Dionne Hart's answer to the Amended

Complaint (Dkt. 7) is due on **February 15, 2021**.

3.    Defendants Dr. Jack Daniels and Dr. Dionne Hart's response to Plaintiff's

"Motion to Issue Stay Order to Force Medicate Without a Court Order" (Dkt. 29) is due

on **February 15, 2021**.

4.    Defendants Dr. Jack Daniels and Dr. Dionne Hart's response to Plaintiff's

"Second Amended Complaint" (Dkt. 28) is due on **February 15, 2021**.

5.    Plaintiff may file a reply brief in support of his "Motion to Issue Stay Order

to Force Medicate Without a Court Order" and a response to Defendants' arguments

regarding his "Second Amended Complaint" **within fourteen (14) days** of Defendants'

responses set forth in paragraphs 3 and 4 of this Order.

6.    The Scheduling Order entered on October 6, 2020 is **VACATED**.


Dated: February 4, 2021                         _s/ Elizabeth Cowan Wright_
                                                Elizabeth Cowan Wright
                                                United States Magistrate Judge

## NOTICE

**Filing Objections:**  The Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).