# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor B. Perkins, <br><br> Plaintiff, <br><br> v. <br><br> Dr. Jack Daniels and Dr. Dionne Hart, <br><br> Defendants. | Case No. 19-cv-02663 (SRN/ECW) <br><br> **ORDER** |

Victor B. Perkins, Reg. No. 08783-039, Federal Medical Center, P.O. Box 4000, Rochester, MN 55903-4000, Pro Se.

Ana H. Voss, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff Victor B. Perkins' Objection [Doc. No. 70] to United States Magistrate Judge Elizabeth Cowan Wright's April 12, 2021 Report and Recommendation [Doc. No. 68] ("R&R"). In the R&R, the magistrate judge treated the "Motion to Dismiss and/or for Summary Judgment" [Doc. No. 51] filed by Defendants Dr. Jack Daniels and Dr. Dionne Hart as a Motion for Summary Judgment, and recommended granting that motion. Additionally, the magistrate judge recommended denying the Motion for Stay [Doc. No. 29] and Motion for Interlocutory Judgment [Doc. No. 63] filed by Perkins. For the reasons set forth below, Perkins' Objection is overruled, the Court adopts the R&R as modified herein, grants Defendants' Motion for Summary Judgment, and denies Perkins' motions.

1

## I. BACKGROUND

The factual and procedural background of this matter is well documented in the R&R and is incorporated herein by reference. This Court will recite background facts only to the extent necessary to rule on Perkins' Objection.

Perkins is currently committed to the custody of the Attorney General for hospitalization at the Federal Medical Center-Rochester, Minnesota ("FMC"), pursuant to 18 U.S.C. § 4246. (R&R at 2.) FMC staff—including Defendants—concluded that involuntary medication was required to treat Perkins' schizophrenia. (*See id.* at 1-10.) Perkins filed this lawsuit, alleging several causes of action under the United States Constitution and seeking $10,000,000 in damages for Defendants' alleged violation of his rights. (*Id.* at 10-12.) In its September 11, 2020 Order [Doc. No. 24], the Court dismissed all of Perkins' claims, except Perkins' Fifth Amendment procedural and substantive due process claims against Defendants in their individual capacities.

Perkins thereafter filed a Second Amended Complaint [Doc. No. 28] without obtaining leave of the Court or Defendants' consent. Perkins also filed a "Motion to Issue Stay Order to Force Medicate Without a Court Order" [Doc. No. 29], seeking an order staying his forced medication. Defendants moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) or 56 [Doc. No. 51]. Apparently in opposition to this motion, Perkins filed a "Motion for an Interlocutory Judgment in Reply to Defendant(s) Response Pursuant to Rule(s) 54(b) and 12(c)(4)" [Doc. No. 63].

In the R&R, the magistrate judge reviewed these motions, and recommended granting Defendants' motion and denying Perkins' motions. Perkins timely filed an Objection [Doc. No. 70], which is now before the Court.

## II. DISCUSSION

The district court reviews de novo those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015). And "[a] party cannot, in his objections to an R & R, raise arguments that were not clearly presented to the magistrate judge." *Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947–48 (D. Minn. 2006) (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004); *Roberts v. Apfel*, 222 F.3d 466, 470 (8th Cir. 2000)). Because Perkins proceeds pro se, the Court liberally construes his pleadings. *Frey v. Schuetzle*, 78 F.3d 359, 361 (8th Cir. 1996).

In the R&R, the magistrate judge treated Defendants' motion as a motion for summary judgment, and recommended granting the motion. The magistrate judge interpreted Perkins' Fifth Amendment due process claims for money damages as *Bivens* claims, and reasoned that controlling precedent counsels against extending *Bivens* to Perkins' forced medication due process claims. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Ahmed v. Weyker*, 984 F.3d 564, 567–

68 (8th Cir. 2020) ("On only three occasions has the Supreme Court [recognized] a cause of action under *Bivens*. Expanding *Bivens* is, according to the Supreme Court, now a 'disfavored' judicial activity. . . . If there is reason to pause before applying *Bivens* in a new context or to a new class of defendants[,] we [must] reject the request." (citations and internal quotation marks omitted) (alterations in original)).

Although Perkins' Objection generally asserts that his due process rights have been violated, the Court can discern only one specific challenge to the R&R. Namely, Perkins contends that the magistrate judge was biased against him. (*See* Obj. at 4 ("Perkins, believes that the Report and Recommendation was given in consideration of the defendant(s), whom, is also an arm of the Government as also the Court whom, has sought to protect their adjoining interest, both, the same interest.").) The Court has carefully reviewed the record of the proceedings before the magistrate judge, and can find no basis for Perkins' allegation of bias against him.

Moreover, the Court finds no error in the magistrate judge's conclusion that the record does not support a claim under *Bivens* as a matter of law. (*See* R&R at 17-24.) The Court notes, however, that the R&R recommended dismissing the Amended Complaint without prejudice. Because *Bivens* does not extend to the Fifth Amendment due process claims for money damages alleged in this action, the Court will dismiss those claims with prejudice. *See Holmseth v. City of E. Grand Forks*, No. CIV. 14-2970 DWF/LIB, 2015 WL 4488424, at *20 (D. Minn. July 23, 2015) (dismissing claims with prejudice following the grant of a motion to dismiss for failure to state a claim, where the claims "fail[ed] at the outset as a matter of law").

Perkins' Objection does not address the magistrate judge's recommendations regarding his Motion for Stay and Motion for Interlocutory Judgment. The Court finds that the magistrate judge correctly recommended denying those motions.

Finally, Perkins filed a Second Amended Complaint [Doc. No. 28] without obtaining Defendants' consent or leave of this Court. The magistrate judge treated the filing as a motion for leave to amend the complaint, and concluded that the proposed amendment would be futile. Perkins has not objected to that conclusion, and the Court finds that the R&R correctly recommended denying the amendment as futile.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 70] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 68] is **ADOPTED as modified**;

3. Plaintiff's Motion to Issue Stay Order to Force Medicate Without a Court Order [Doc. No. 29] and Motion for an Interlocutory Judgment in Reply to Defendant(s) Response Pursuant to Rule(s) 54(b) and 12(c)(4) [Doc. No. 63] are **DENIED**;

4. Insofar as Plaintiff's filing of his Second Amended Complaint [Doc. No. 28] constitutes a motion for leave to amend the complaint under Federal Rule of Civil Procedure 15(a), that motion is **DENIED**; and

5. Defendants' Motion to Dismiss and/or for Summary Judgment [Doc. No. 51] is **GRANTED**, and Plaintiff's Fifth Amendment individual-capacity claims are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 15, 2021
s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge